JOHN F. COURTNEY & others *vs.* CHARLES DOWD BOX CO., INC.

Worcester.    September 27, 1960. — November 7, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Labor. Jurisdiction,* Federal question, Labor. *Equity Pleading and Practice,* Master: confirmation of report, recommittal; Decree. *Evidence,* Of agency. *Supreme Judicial Court,* Briefs.

Section 301 (a) of the Labor Management Relations Act, 29 U. S. C.
(1952) § 185, conferring on the District Courts of the United States
jurisdiction of suits to enforce collective bargaining agreements in inter-
state commerce does not deprive the State courts of their concurrent
jurisdiction of such suits.    [338–339]
A motion for a decree in accordance with a master's report in a suit in
equity should not be allowed prior to confirmation of the report.    [340]
The allowance of a motion for a decree in accordance with an unconfirmed
report of a master in a suit in equity constituted an implied confirma-
tion of the report.    [340]
In a suit in equity to enforce a contract the judge, after confirming the
report of a master, had power to recommit to him for necessary further
findings as to damages.    [340–341]
It is the duty of the trial court and of this court·on appeal in a suit in
equity to see that there is entered the correct final decree required on the
facts found by a master and proper inferences therefrom.    [341]
Testimony by an alleged agent as to his own authority is competent.
[341]
Reversible error was not shown in the admission over a general objection
of testimony as to statements out of court respecting a committee's
authority in a certain matter where the testimony was admissible to
show for whom the committee purported to act and there was other evi-
dence of its authority.    [341–342]
A brief may be struck from the files of this court for noncompliance with
Rule 15 of the Rules for the Regulation of Practice before the Full
Court, as amended, 337 Mass. 818–819, requiring reference by pages to
the record in stating facts and previous proceedings.    [342]

BILL IN EQUITY, filed in the Superior Court on September
9, 1957.

Sundry decrees described in the opinion were entered by
*Warner,* J., *Thompson,* J., and *Meagher,* J.

*James A. Crotty, George H. Mason, & John P. Dunn,* for the defendant, submitted a brief.

*Warren H. Pyle,* for the plaintiffs.

WILKINS, C.J.   The plaintiffs, who are members of the United Steelworkers of America, AFL–CIO, and its Local 5158, both individually and on behalf of all the members, bring this bill in equity to enforce a collective bargaining agreement with the defendant.   The defendant filed a demurrer to the bill and a "motion to dismiss" for want of jurisdiction, and appealed from interlocutory decrees overruling the demurrer and denying the motion to dismiss. The case was referred to a master.   The defendant raises questions relating to the master, the hearings before him, and his reports.   The final decree declared the agreement to be valid, and ordered the payment of specific amounts to members of the class for whom the suit was brought.   The defendant appealed.

1.   The defendant urges that "this action is within the purview of § 301 (a) of the Labor Management Relations Act of 1947[1] (commonly referred to as the Taft-Hartley Act), 61 Stat. 156, 29 U. S. C. (1952) § 185, and that Congress in enacting said § 301 evidenced an intention to occupy the field of litigation involving violations of collective bargaining agreements when interstate commerce would be affected thereby."   We do not accept the contention that State courts are without jurisdiction.   The statute does not so declare.   The conferring of jurisdiction in actions at law upon the appropriate District Courts of the United States is not, in and of itself, a deprivation of an existing jurisdiction both at law and in equity in State courts.   The case principally relied upon by the defendant, *Textile Wkrs. Union of America* v. *Lincoln Mills,* 353 U. S. 448, does not so state.   In the absence of a clear holding by the Supreme Court of the United States that Federal jurisdiction has

[1] "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act [chapter] . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

been made exclusive, we shall not make what would be tantamount to an abdication of the hitherto undoubted jurisdiction of our own courts.   Our decision in *Karcz* v. *Luther Mfg. Co.* 338 Mass. 313, 317, has gone far to adumbrate the position now taken, namely that there is concurrent jurisdiction in Federal and State courts over suits for enforcement of a collective bargaining agreement.   Other State court decisions are in accord.   *McCarroll* v. *Los Angeles County Dist. Council of Carpenters,* 49 Cal. 2d 45, 57–60, cert. den. sub. nom.   *Los Angeles County Dist. Council of Carpenters* v. *McCarroll,* 355 U. S. 932.   *Coleman Co. Inc.* v. *International Union, United Auto. Aircraft & Agricultural Implement Wkrs. of America (UAW–CIO),* 181 Kans. 969, 973–974.   *Steinberg* v. *Mendel Rosenzweig Fine Furs, Inc.* 9 Misc. 2d (N. Y.) 611.   *Anchor Motor Freight N. Y. Corp.* v. *Local Union No. 445 of the Intl. Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America,* 171 N. Y. S. 2d 506, 509.   *General Elec. Co.* v. *International Union United Auto. Aircraft & Agricultural Implement Wkrs. of America,* 93 Ohio App. 139, 153–156, app. dism. 158 Ohio St. 555.   *Springer* v. *Powder Power Tool Corp.* 220 Ore. 102, 105–106.   *General Bldg. Contractors' Assn.* v. *Local Union No. 542,* 370 Pa. 73, 79–80.   *Philadelphia Marine Trade Assn.* v. *International Longshoremen's Assn., Local Union No. 1291,* 382 Pa. 326, 332–333.

The defendant's "motion to dismiss" for want of jurisdiction was rightly denied.   No other ground of demurrer has been argued.   The demurrer was rightly overruled.

2.   On October 3, 1957, the case was referred to a master under the usual rule "to hear the parties, find the facts and report his findings to the court, together with such questions of law, arising in the course of his duty, as any party may request."   Rule 86 of the Superior Court (1954).

The master's report was filed on December 27, 1957.   On January 22, 1958, the plaintiffs filed a motion that the court "enter a decree in accordance with the findings, rulings and decision of the master's reports [*sic*] filed in the above matter."   On May 15, 1958, this was allowed by indorsement

on the motion, and on May 22 an interlocutory decree was entered also allowing the motion. From this decree the defendant appealed. On June 19 the plaintiffs' motion "for assessment of damages" was allowed in an interlocutory decree, which also referred the suit to the same master "for the assessment of damages only." From this decree the defendant also appealed. On January 22, 1960, a "master's supplemental report" was filed. A motion to confirm the supplemental report was allowed on February 18, 1960. The final decree was entered on February 23, and the defendant appealed.

The allowance of the motion for a decree in accordance with the report was irregular. The report first should have been expressly confirmed. "The findings of the master are entitled to no weight whatever until established by confirmation." *Peteros* v. *Peteros,* 328 Mass. 416, 421, and cases cited. The defendant argues that the allowance of the motion was an implied confirmation of the report, and we agree. It does not follow, however, as the defendant also contends, that the judge was without power to recommit the report to the master for the finding of further facts, to wit, as to damages. The expression of the motion in the terms of the assessment of damages was, at most, a formal defect which did not destroy the substance of the judge's action in allowing it. In *Cutter* v. *Arlington Casket Co.* 255 Mass. 52, 57, it was said, "Upon the coming in of a master's report the court in its discretion may overrule the exceptions thereto, confirm that report and recommit the case to the master for further report without request of the parties, if the nature of the matter under consideration requires further investigation and finding of further facts not inconsistent with the confirmed report; for example, the statement of an account between persons found by the report to be partners or to stand in a fiduciary relation to each other." The case at bar presents a similar situation. A like practice was followed in *Flynn* v. *Curtis & Pope Lumber Co.* 245 Mass. 291, 293. In the case at bar the judge's action was in the interest of avoiding delay in the

termination of the controversy, and is to be looked upon with favor. See *Eastern Bridge & Structural Co.* v. *Worcester Auditorium Co.* 216 Mass. 426, 431.

3. The defendant argues that the master exceeded the scope of his authority in that the bill alleged that there was a written contract and the master found that there was an oral one. We are of opinion that this contention is not sustained by the record, and we shall not unduly prolong this opinion by refuting it in detail.

The defendant argues that there was error in the implied denial of four requests submitted to the master. We disagree. Requests numbered 3 and 21, which in substance seem to be founded upon the theory that the agreement proved was oral, could not have been given. Request numbered 1, to the effect that the scope of the master's report and his findings were limited by the pleadings, and request numbered 2, to the effect that the bill seeks the enforcement of a written agreement, have been given adequate effect in the entry of the final decree and in this opinion. The decree established the facts found by the master as facts in the case. It was the duty of the trial judge and is the duty of this court on appeal from the final decree to see that the final decree is such as the law requires upon the facts found by the master and the proper inferences therefrom. *Foot* v. *Bauman,* 333 Mass. 214, 219, and cases cited.

4. The master did not err in the challenged rulings on evidence. As the defendant's argument is scarcely more than a suggestion of error, our discussion will be nearly as brief. In so far as one Andonian, "representative of United," was asked on the witness stand as to his own authority this was admissible. *DuBois* v. *Powdrell,* 271 Mass. 394, 397, and cases cited. In so far as he was asked what had been said during the negotiations by one Ellis, labor relations consultant for the defendant, as to the authority of the defendant's committee, there was independent evidence of the committee's authority. *Id.* Restatement: Agency (2d) § 285. Also, as there was no specific objection, the evidence was admissible to show for whom the

members purported to act. *Wilson* v. *Davison,* 242 Mass. 237, 242. *Friend Lumber Co. Inc.* v. *Armstrong Bldg. Finish Co.* 276 Mass. 361, 367–368. *Commonwealth* v. *Connolly,* 308 Mass. 481, 492–493. Requests numbered 6, 7, 8, and 9 presented to the master are not shown to have been erroneously denied.

5. The record contains 113 printed pages. Neither brief is a compliance with Rule 15 of the Rules for the Regulation of Practice before the Full Court (1952) as amended, 337 Mass. 818–819, which requires reference by pages to the record in stating alleged facts and previous proceedings. Had appropriate motions been made, we might have struck the briefs from the files. See *Marshall* v. *Crane,* 339 Mass. 780. In a suitable case we stand ready to take such action of our own motion.

6. Let the following entries be made: Interlocutory decrees affirmed. Final decree affirmed with costs of appeal.

*So ordered.*