DUGDALE CONSTRUCTION COMPANY, a corporation, appellant, v.
OPERATIVE PLASTERERS & CEMENT MASONS INTERNA-
TIONAL ASSOCIATION et al., appellees.

No. 51651.

(Reported in 135 N.W.2d 656)

JUNE 8, 1965.

Leland C. White, of Harlan, and Malcolm D. Young, of Omaha, Nebraska, for appellant.

Robert E. O'Connor, of Omaha, Nebraska, and Robert C. Heithoff, of Council Bluffs, for appellees.

LARSON, J.—This appeal comes to us as a result of the trial court's action in dissolving a temporary injunction and dismissing plaintiff's petition asking injunctive relief and damages as a consequence of picketing by defendants of a certain highway construction project undertaken by plaintiff in Pottawattamie County, Iowa.

Plaintiff is a Nebraska corporation engaged in highway construction, and defendants are a local union, a union business agent, and two members of the union.

Plaintiff's petition, filed July 10, 1964, initially consisted of four counts. In the first count plaintiff alleged signs carried by

defendant pickets were false and misleading, as there was no dispute between plaintiff and its employees or members of the union as to the matters set out. In Count II plaintiff alleged the picketing violated the Iowa right-to-work law and was an attempt to force it to discharge certain employees and hire members of the defendant union. In Count III plaintiff alleged the picketing violated the Iowa law on secondary boycotts as attempting by coercion to force persons, firms and corporations to cease selling, transporting and delivering material and supplies to it until it hired members of defendant union. In Count IV plaintiff alleged the picketing caused a shutdown of its operations, unproductive expenses of maintenance and overhead, and damages to it in the sum of $900 per day. Injunctive relief and damages as above stated were prayed. An affidavit of Richard T. Dugdale was attached stating that the union was not authorized to represent any of plaintiff's employees in that county. Three unidentified resurfacing projects were involved.

On July 10, 1964, a temporary injunction was issued and served upon defendants, who filed a motion to dismiss the petition on the sole ground that jurisdiction had been preempted by federal legislation placing exclusive jurisdiction in such matters in the National Labor Relations Board, or the United States District Court, or both.

On July 20, 1964, plaintiff filed an amendment to its petition alleging in Counts V and VI that on July 1, 1962, plaintiff and Local No. 538 had entered into an agreement whereby the union was recognized as the collective bargaining agent for certain classes of plaintiff's employees in certain designated territories in Nebraska, and that under the agreement schedules of wages were set in those territories effective until December 31, 1964, and that now defendants were demanding that the schedule be applied in Pottawattamie County, Iowa, contrary to the agreement. It was further alleged the union agreed to exclude from the schedule in the agreement the specific territory in Pottawattamie County, Iowa, and that the agreement provided for arbitration in event there was a "dispute or grievance" between them, as well as matters of "interest to either or both parties"; that there was to be "no cessation of work" before the disputed

subject was referred to the arbitration committee; that regardless of the agreement defendants demanded the schedule of wage rates fixed in the agreement should presently apply in Pottawattamie County, Iowa; and that to force compliance the union resorted to coercive picketing. No further defendant pleading appears.

The trial court concluded the petition failed to state a cause of action upon which the state court could grant relief, dissolved its temporary injunction, and dismissed plaintiff's petition without prejudice. It found the matter in controversy had not been presented to the National Labor Relations Board, that there was no allegation of violence or mass picketing and that the federal government by its various acts had placed the exclusive jurisdiction of such peaceful labor disputes in the National Labor Relations Board. Apparently the court left the door open for further state action if the National Labor Relations Board or the federal courts refused to act.

Appellant states that the sole question before this court is whether the district court, on the basis of this limited record, had jurisdiction over all or part of the causes of action stated in its petition and amendments thereto. We must agree that the trial court had no jurisdiction to issue the temporary injunction under the initial pleadings. However, when plaintiff's petition as amended is read in a light most favorable to it, we conclude it did state a cause of action for breach of a bargaining agreement which was triable in the State court. Therefore, since the court had jurisdiction of the parties, it could hear and determine the issues raised in Counts V and VI of plaintiff's petition and, if merited, grant appropriate relief.

I. Appellant contends correctly that the exclusive jurisdiction of the National Labor Relations Board is limited to matters affecting interstate commerce. The Constitution gives Congress the power to regulate such commerce, and under that delegation it enacted the Taft-Hartley Law and other Labor-Management Relation laws dealing with labor and management disputes. When it is clear, or may fairly be assumed, that the activities which a state purports to regulate are protected by section 7 of the National Labor Relations Act, or constitute an un-

fair labor practice under section 8, due regard for federal enactment requires the state jurisdiction must yield. San Diego Building Trades Council v. Garmon, 359 U. S. 236, 245, 79 S. Ct. 773, 780, 3 L. Ed.2d 775, 783. It is said therein: "When an activity is arguably subject to §7 or §8 of the Act, the State as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." As to the allegations in the initial petition, that rule applies here.

While it does not appear what highway or highways were being resurfaced by plaintiff, it seems clear that they were close enough to the State of Nebraska that they would be used by persons and goods passing between the states and, as such, these roads would be classified as instrumentalities of interstate commerce. In Overstreet v. North Shore Corporation, 318 U. S. 125, 63 S. Ct. 494, 497, 87 L. Ed. 656, the Supreme Court held if vehicular roads and bridges are used by persons and goods passing between various states, they are instrumentalities of interstate commerce. Also see Mitchell v. Brown, 8 Cir., 224 F.2d 359, certiorari denied 350 U. S. 875, 76 S. Ct. 119, 100 L. Ed. 773, and Austford v. Goldberg, 8 Cir., 292 F.2d 234 (1961), where it was recognized that, although the work on streets was primarily to serve intrastate purposes, they did carry goods and persons traveling between states and were recognized as instrumentalities of interstate commerce.

Certainly it is "arguable" that these highways being repaired were used by persons traveling between states. We think that prerequisite is sufficiently clear here to sustain a finding that interstate commerce was involved. .

Plaintiff's petition also alleges complaints which are arguably subject to section 7 or section 8 of the Act. The question as to whether the complaints do amount to violations of those provisions of the National Labor Relations Act in the first instance is for the National Labor Relations Board. San Diego Building Trades Council v. Garmon, supra, 359 U. S. 236, 79 S. Ct. 773, 3 L. Ed.2d 775, 783. The petition does not allege this Board refused to act in the matter and the Board's policy on such disputes was not mentioned. Without discussing what hap-

pens if it refuses to consider the matter, it is clear there was no appeal to the Board here. Until the Board does act under authority of section 14(c) of the National Labor Relations Act, which states: "(c)(1) The Board, in its discretion, may, by rule of decision or by published rules adopted pursuant to the Administrative Procedure Act, decline to assert jurisdiction over any labor dispute * * * where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction; * * *. (2) Nothing in this Act shall be deemed to prevent or bar any agency or the courts of any State * * * from assuming and asserting jurisdiction over labor disputes over which the Board declines, pursuant to paragraph (1) of this subsection, to assert jurisdiction", it is quite clear jurisdiction to regulate the activities related in plaintiff's initial petition was exclusively in the National Labor Relations Board. San Diego Building Trades Council v. Garmon, supra; Local No. 438 Construction etc. Union v. Curry, 371 U. S. 542, 83 S. Ct. 531, 9 L. Ed.2d 514; Liner v. Jafco, Inc., 375 U. S. 301, 84 S. Ct. 391, 11 L. Ed. 347; and Amalgamated Meat Cutters etc. v. Johnson, 178 Kan. 405, 286 P.2d 182, 28 Labor Cases, sections 69, 374. The activities plaintiff asked the state to regulate in its first four counts reasonably fall within the protection of section 7 or the prohibition of section 8 of the National Labor Relations Act. Thus the basis upon which the temporary injunction was issued in this matter was improper, and were it not for the plaintiff's amendment, the court would have been correct in dissolving it.

II. When plaintiff amended its petition to allege violation of a bargaining agreement and asked both injunctive and monetary relief, we have another matter. Indeed, in our search we have found no authority which holds the federal government has taken from the state courts jurisdiction to pass upon breach of contract claims, even though they may be labor agreements involving interstate commerce. Plaintiff alleges here a violation of an agreement to arbitrate and to refrain from cessation of work before the dispute has been referred to an arbitration committee.

Section 301(a) of the Labor Management Relations Act,

1947, cannot be said to take from the State courts the jurisdiction to declare and enforce collective bargaining agreements. Indeed the Supreme Court of the United States has recently agreed with state contention that state jurisdiction over suits for, violation of contracts between an employer and a labor organization representing employees in an industry affecting interstate commerce "may" be brought in any district court of the United States having jurisdiction of the parties, and that this extends to the State courts as well. See Courtney v. Charles Dowd Box Co. (1960), 341 Mass. 337, 169 N.E.2d 885, an action for judgment declaring valid a collective bargaining agreement and other relief, affirmed in 1962 by the United States Supreme Court (Charles Dowd Box Co. v. Courtney, 368 U. S. 502, 82 S. Ct. 519, 7 L. Ed.2d 483). Section 301(a) was held as permissive of federal court jurisdiction but did not give exclusive jurisdiction in those courts. In fact, the high court approved the statement of Chief Justice Wilkins of Massachusetts that "We do not accept the contention that State courts are without jurisdiction" in such cases, and "In the absence of a clear holding by the Supreme Court of the United States that Federal jurisdiction has been made exclusive, we shall not make what would be tantamount to an abdication of the hitherto undoubted jurisdiction of our own courts."

Other state decisions in accord are McCarroll v. Los Angeles County District Council of Carpenters, 49 Cal.2d 45, 57–60, 315 P.2d 322, certiorari denied sub nom. Los Angeles County District Council of Carpenters v. McCarroll, 355 U. S. 932, 78 S. Ct. 413, 2 L. Ed.2d 415; Coleman Co., Inc. v. International Union, United Auto., Aircraft & Agricultural Implement Wkrs. of America (UAW-CIO), 181 Kan. 969, 973, 974, 317 P.2d 831; Anchor Motor Freight N. Y. Corp. v. Local Union No. 445, 12 Misc.2d 757, 171 N. Y. S.2d 506, 509; General Electric Co. v. International Union United Auto., Aircraft & Agricultural Implement Wkrs. of America, 93 Ohio App. 139, 153–156, 108 N.E. 2d 211, appeal dismissed 158 Ohio St. 555, 110 N.E.2d 424; Springer v. Powder Power Tool Corp., 220 Ore. 102, 348 P.2d 1112, 1113, 1114; General Building Contractors' Assn. v. Local Union No. 542, 370 Pa. 73, 79, 80, 87 A.2d 250, 32 A. L. R.2d

822; Philadelphia Marine Trade Assn. v. International Longshoremen's Assn., Local Union No. 1291, 382 Pa. 326, 332, 333, 115 A.2d 733. Also see annotations 7 L. Ed.2d 959 and 99 L. Ed. 529, dealing with the constitutionality and construction of section 301(a) of the Taft-Hartley Act (29 U. S. C., section 185 (a)); Perry & Sons v. Robilotto (N. Y., May 1963), 39 Misc.2d 147, 149, 240 N. Y. S.2d 331.

In Smith v. Evening News Association, 371 U. S. 195, 83 S. Ct. 267, 9 L. Ed.2d 246, the United States Supreme Court held that (1) the National Labor Relations Board's authority to deal with an unfair labor practice which also violates a collective bargaining contract does not destroy the jurisdiction of the courts under section 301 of the Taft-Hartley Act (29 U. S. C., section 185) which states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties;" (2) suits to vindicate individual employee rights are not excluded from coverage of section 301; and (3) the coverage of section 301 extends to suits brought by employees as well as to suits brought by unions.

This decision together with the Dowd Box Co. case, supra, and the Local 174, Teamsters v. Lucas Flour Co. case, 369 U. S. 95, 82 S. Ct. 571, 7 L. Ed.2d 593, makes it abundantly clear the State court's jurisdiction to pass upon alleged violations of bargaining agreements and provide injunctive relief therein was not divested by section 301 of the Labor Management Relations Act of 1947 (29 U. S. C., section 185(a)) or any other Federal Act.

In Charles Dowd Box Co. v. Courtney, supra, 368 U. S. 502, 82 S. Ct. 519, 7 L. Ed.2d 483, decided by the Supreme Court February 19, 1962, that court recognized the right of the State courts to enforce the arbitration clause of a collective bargaining agreement despite the enactment of subdivision (a) of section 301 of the Labor Management Relations Act of 1947 (29 U. S. C., section 185(a)).

Less than a month later the Supreme Court, in deciding the Local 174, Teamsters case, supra, 369 U. S. 95, 82 S. Ct. 571, 7 L. Ed.2d 593, sustained a judgment for damages in a suit in the State court by an employer for the breach of an arbitration clause in a collective bargaining agreement despite the fact there was no no-strike clause in the agreement, and reaffirmed its position taken in the Dowd case that subdivision (a) of section 301 of the Labor Management Relations Act of 1947 did not pre-empt the State courts from entertaining actions to enforce agreements between the parties. However, we note it did hold that where the substantive law of the state differed from federal policy in labor matters, the State court must apply the federal substantive law.

The court further held in the Lucas case, supra, a suit for violation of a collective bargaining contract within the purview of section 301(a), the preemptive doctrine based upon the exclusive jurisdiction of the National Labor Relations Board is not relevant, and that while under federal law a strike during the term of a collective bargaining agreement is not ipso facto a violation of the agreement, a strike to settle a dispute which the agreement provides shall be settled exclusively and finally by compulsory arbitration, constitutes a violation of the agreement, even in the absence of a no-strike clause in the contractual provision explicitly covering the subject of the dispute over which the strike was called. It was pointed out the basic policy of the National Labor legislation is to provide the arbitral process as a substitute for economic warfare.

We are aware of the Sinclair Refining Co. v. Atkinson case, 370 U. S. 195, 82 S. Ct. 1328, 8 L. Ed.2d 440, decided June 18, 1962, but find it does not conflict with the holdings in the Dowd and Lucas cases, supra, for this action was brought in the *federal courts* for injunctive relief against a labor union for violation of a no-strike and an arbitration provision in a collective bargaining agreement. The basis of the decision, as we read it, was that section 301 of the Labor Management Relations Act of 1947, which conferred upon federal courts jurisdiction with reference to actions involving collective bargaining agreements, did not expressly confer upon them jurisdiction to apply the injunctive

remedy against a strike in violation of such agreements, and that hence the Norris-LaGuardia Act interdicting injunctions in peaceful labor disputes prevailed. This interdicting against injunctions by the Act was against federal courts, and the remedies available in such matters in the State courts were not disturbed. Shaw Electric Co., Inc. v. International Brotherhood of Electrical Workers, Local Union No. 98, 51 Labor Cases, sections 51, 288, Pa. Sup. Ct. (March 1965), 58 L. R. R. M. 2852, 208 A.2d 769. At least the holding in Sinclair studiously avoided an expression as to state powers.

It is interesting to note this matter was discussed in the Sinclair case, for in the dissenting opinion it is said: "The question arises whether today's prohibition of injunctive relief is to be carried over to state courts as a part of the federal law governing collective agreements. If so, §301, a provision plainly designed to *enhance* the responsibility of unions to their contracts, will have had the opposite effect of depriving employers of a state remedy they enjoyed prior to its enactment." Moreover, as appears in Dowd, supra, and in Textile Workers Union v. Lincoln Mills, 353 U. S. 448, 460, 77 S. Ct. 912, 1 L. Ed.2d 972, the legislative history of section 301 shows this section was not enacted to supplant remedies existing under state law, but rather to supplement them by conferring jurisdiction on federal courts. Thus it seems clear that Sinclair did not hold that the injunctive or damage remedies in the State court were no longer available.

The purpose of a collective bargaining agreement with no work stoppage and mandatory arbitration provisions is to preserve industrial peace. The State is vitally interested in such provisions and their reasonable enforcement.

Since we find no restriction of the State court's jurisdiction to maintain such an action, we must hold the trial court was in error in dissolving its temporary injunction and in dismissing plaintiff's petition, at least as to Counts V and VI. However, in view of the fact that the time has long passed when an injunction would afford relief, we must remand the cause for further proceeding on plaintiff's suit for damages.

III. Appellees' contention that the dismissal was proper

for the reason that appellant's action for damages should have been brought at law has no merit. From what we have said, it is clear that equity, having assumed jurisdiction, can retain the matter and determine the issue of damages for the breach of the alleged bargaining agreement.

Even if that were not true, the fact that plaintiff had an adequate remedy at law is not ground for dismissal of its petition. This contention we considered in Newton v. Grundy Center, 246 Iowa 916, 919, 920, 70 N.W.2d 162, and held a motion to dismiss which does not claim the allegations do not state a claim on which any relief can be granted, but rather that it cannot be granted in equity, is insufficient. Thus, if the action is in the wrong forum, the relief, under the statute, is by motion to transfer to the proper forum, and not by motion to dismiss. Solberg v. Davenport, 211 Iowa 612, 615, 232 N.W. 477, 479. Also see 32 Iowa Law Review 431, and the Advisory Committee Comment on rule 104, Cook, Iowa Rules of Civil Procedure, page 673; Liken v. Shaffer, 64 F. Supp. 432, at 446; Wright v. Copeland, 241 Iowa 447, 450, 451, 41 N.W.2d 102, 104.

IV. Having concluded the State court had jurisdiction to resolve the breach of agreement issue, this cause is remanded for further proceedings on plaintiff's allegation and claim for damage in that regard.—Reversed and remanded.

All JUSTICES concur.