**ARMCO STEEL CORPORATION, Appellant,**

v.

**John M. PERKINS et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1967.

Robert T. Caldwell, Bunyan S. Wilson, Jr., Ashland, for appellant.

Claude Asbury, Catlettsburg, for appellees.

WADDILL, Commissioner.

The judgment entered herein permanently enjoins the appellees, members of a

group calling themselves "Loyal Volunteers," from committing violence (and other related acts) at or near the plant of appellant, Armco Steel Corporation, and, on the basis of lack of jurisdiction, denies a permanent injunction prohibiting peaceful picketing of Armco's plant. Armco appeals from so much of the judgment as denies it a permanent injunction against all picketing by the appellees at its plant. Pending appeal, this court reinstated a temporary injunction prohibiting appellees from picketing.

Insofar as relevant to this appeal, the trial court found that: Armco's 3900 non-supervisory employees are members of Local Union 1865, United Steelworkers of America, their exclusive bargaining agent with Armco; the collective bargaining contract between Armco and the union has a "no-strike" clause and provides a procedure for the settlement of all grievances; in April, 1966 individual employees of Armco, including appellees, formed a labor organization called the "Loyal Volunteers" which, without the sanction of their union, set up a picket line at Armco in violation of the "no-strike" clause of their union contract; when the other employees refused to cross the picket line Armco was forced to close for several days; the "Loyal Volunteers" alleged various grievances against Armco and sought, by the picket line, to force Armco to negotiate these grievances with them without resorting to the grievance provisions of their union's contract with Armco.

Upon these findings the trial court concluded that the picketing was unlawful, constituting an unfair labor practice under 29 U.S.C. § 158, and that the National Labor Relations Board had exclusive jurisdiction under the pre-emption doctrine. San Diego Building Trades Council, etc., v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, and R. H. Hobbs Company v. Christian, Ky., 325 S.W.2d 329.

The sole contention on this appeal is that the trial court erred in deciding that it has no jurisdiction to enjoin unlawful picketing.

Armco asserts that the trial court did have jurisdiction under the provisions of § 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. § 185), which provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

In Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483, the Supreme Court held that the Massachusetts court had jurisdiction under § 301 of an action based on violation of a contract between an employer and a labor organization. With respect to § 301, the court concluded that Congress "decided to make collective bargaining agreements enforceable only in the courts" and "the purpose of conferring jurisdiction upon the federal district courts was not to displace, but to supplement, the thoroughly considered jurisdiction of the courts of the various States over contracts made by labor organizations."

■ While the Garmon case holds that the National Labor Relations Board has jurisdiction of disputes involving unfair labor practices "the authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by § 301, but it is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301." Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246. The fact that the Garmon and Hobbs cases involved no contract violation distinguishes them from the instant one.

The appellees do not and cannot dispute the trial court's findings that they have violated the "no-strike" provisions of their union's collective bargaining contract. Hence, it is apparent to us that, under the cited Supreme Court decisions, the trial court does have jurisdiction of the instant action.

Appellees urge that under 29 U.S.C. § 104 the trial court has no authority to issue an injunction in this character of case. This statute only prohibits federal courts from issuing injunctions in labor disputes. Although not argued in this case, the effect of this statute, in light of recent Supreme Court decisions, on the right of a state to grant injunctive relief has been considered in other jurisdictions. In well-reasoned opinions it has been concluded that 29 U.S.C. § 104 does not apply to the state courts. See Dugdale Const. Company v. Operative Plasterers, 257 Iowa 997, 135 N.W.2d 656; Shaw Electric Co. v. International Bro. Electrical Workers, 418 Pa. 1, 208 A.2d 769, and cases cited therein.

It is our conclusion that the trial court has jurisdiction to grant the requested relief in this action and, under the facts found by the trial court, Armco was entitled to a permanent injunction against all picketing by the appellees at its plant.

The judgment is affirmed as to the granting of the permanent injunction prohibiting violence and it is reversed as to the dismissal of that part of the complaint seeking a permanent injunction prohibiting peaceful picketing and the case is remanded to the circuit court with directions to take jurisdiction and to hear and decide all issues presented and to enter a new judgment consistent with this opinion in light of any changed circumstances. The orders of this Court hereinbefore entered relative to picketing will remain in force pending further orders of the trial court.

All concur.