Theodore HOLLANDER, James Clark, Paul Blume, Daryl Thorenson and Alvin Powell, Appellants,

v.

Lester PECK, Louis Duncan, Lyle Feser, and Paul Shook, Individually and as members of the Amalgamated Meat and Butcher Workmen of North America, AFL–CIO, a voluntary Association, Appellees.

No. 59156.

Supreme Court of Iowa.

Jan. 18, 1978.

Lee J. Farnsworth and Nolan, Lucas & Nolan, Iowa City, for appellants.

Smith & Smith, Sioux City, for appellees.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

This action is the outgrowth of a strike at Iowa Beef Packers, Inc., in 1969. The trial court dismissed the petition for lack of subject matter jurisdiction, and we affirm.

Iowa Beef Packers, Inc., operated plants at Dakota City, Nebraska, and Denison, Iowa. The Dakota City plant was struck. In order to lend support to that strike, the Amalgamated Meat and Butcher Workmen of North America, AFL–CIO, a labor union, set up picket lines at the Iowa Beef Plant in Denison.

The petition alleges plaintiffs were employees of Iowa Beef at Denison. They were approached by defendants Peck and Shook, who requested that they honor the union's picket lines at Denison, promising the union would protect plaintiffs from any recriminatory action by Iowa Beef.

Plaintiffs were specifically told Iowa Beef could not use the picketing as a reason to terminate their employment. They were assured the union would see that they were reinstated to their jobs with full seniority and benefits if the company discharged them. Plaintiffs assert Peck and Shook knew these statements were false.

The petition states plaintiffs relied on these representations and entered into an oral agreement with Peck, who was acting as the agent of the union, by the terms of which plaintiffs agreed to honor the picket lines and Peck agreed the union would pay each plaintiff fifty dollars per week as long as they were out of work.

Plaintiffs honored the picket lines and were later discharged by Iowa Beef. The union paid each of them fifty dollars a week for approximately fifty-five weeks, when the payments stopped. Plaintiffs later demanded that the union secure their reinstatement as agreed. The union refused to do so. Plaintiffs pray for both compensatory and punitive damages.

Lester Peck, one of the defendants, is described in the petition as an elected official of the Union and an agent an employee thereof "with general authority to conduct its affairs in this state, including the authority to make contracts and defend law suits."

Louis Duncan and Lyle Feser are made defendants as members of the union. Paul Shook is named as a defendant because he

conspired and collaborated with defendant Peck in inducing plaintiffs to honor the picket lines at the Denison Plant.

The petition recites that the members of the union are too numerous to be joined as parties and that Peck, Duncan, Feser and Shook are made defendants as representatives of the union and its half million members. The matter is here on a motion to dismiss.

I. The determinative question is whether the controversy presents a matter over which the National Labor Relations Board has primary and exclusive jurisdiction so that suit may not be instituted in either state or federal court prior to action by that body. The trial court ruled that it was and dismissed the action.

■ Plaintiffs apparently concede the petition states an arguably unfair labor practice under the Labor Management Relations Act. We therefore give that matter no further consideration, and devote ourselves, as did plaintiffs in their brief, solely to the question of exceptions to the general principle that the National Labor Relations Board has primary and exclusive jurisdiction over unfair labor practices. Under this doctrine we must defer to that jurisdiction unless this case comes within one of the exceptions urged. *See San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, 782–83 (1959); *Amalgamated Association of Street, Electric Railway and Motor Coach Employees v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); *Walles v. International Brotherhood of Electric Workers,* 252 N.W.2d 701, 708 (Iowa 1977); *Langrehr v. United Brotherhood of Carpenters, etc.,* 236 N.W.2d 339, 342 (Iowa 1975).

Plaintiffs set out three exceptions to the preemption rule which they allege permit them to maintain this action. We consider each of them separately. We hold none applies under the record now before us.

II. *Right of Plaintiffs to fair representation by Union.*

■ The first exception relied on is set out in *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842, 855 (1967). It establishes the rule that when a petition alleges a breach of the union's duty to fairly represent its members, suit may be maintained in state court even though the allegations also constitute an unfair labor practice.

However, that exception does not help plaintiffs because it does not appear the union is the exclusive collective bargaining agent for the employees of Iowa Beef, a prerequisite for the application of the rule of fair representation. *Vaca v. Sipes,* 386 U.S. 185, 87 S.Ct. 914, 17 L.Ed.2d 855; *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370, 377–78 (1964); *Ford Motor Company v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048, 1057 (1953); *see also* 48 Am.Jur.2d, Labor and Labor Relations § 273, pp. 210–11 (1970).

III. *Suit for Breach of Contract.*

■ Plaintiffs also assert a right to maintain this action because their petition sets out a claim for breach of contract under 29 U.S.C.A. § 185(a) of the Labor Management Relations Act. It is true that section permits direct action for certain types of contract violations, but this is not one of them. That statute carves out an exception to the preemption rule for contracts between an employer and a labor organization or between two labor organizations. *See William E. Arnold Co. v. Carpenters' District Council,* 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974); *Smith v. Evening News Association,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *Dugdale Construction Co. v. Operative Plasterers and Cement Masons, Local 538,* 257 Iowa 997, 135 N.W.2d 656 (1965).

The present dispute is between individual employees and the authorized representatives of a labor organization. It does not come within the terms of the exception recognized by § 185(a). *See Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473, 486 (1971).

In some circumstances employees are allowed to sue for contract violations without going through their union. *Smith v. Evening News Ass'n.*, 371 U.S. at 200, 83 S.Ct. at 270, 9 L.Ed.2d at 251. However, here the contract itself, rather than the form of redress sought, is excluded from the operation of the statute.

IV. *Exception for Violation of 29 U.S.C.A. 158(b)(4).*

█ Plaintiffs next insist they are entitled to maintain this action because the injury sustained resulted from a violation of 29 U.S.C.A. § 158(b)(4). We find no merit to this argument.

The section permits state courts to take jurisdiction of such disputes only when the strike involved is for certain specified purposes or objects. It is aimed principally against secondary boycotts. The allegations of plaintiffs' petition do not bring them within § 158(b)(4).

V. We hold the plaintiffs have failed to establish their right to maintain this action under any of the exceptions urged. We must therefore defer to the jurisdiction of the National Labor Relations Board.

█ VI. One other matter remains for disposition. Plaintiffs assert that in any event the trial court committed reversible error by failing to hold an evidentiary hearing before ruling on their motion to dismiss. *See Langrehr v. United Brotherhood of Carpenters*, 236 N.W.2d 339, 343 (Iowa 1975). That case, however is distinguishable from the present one. *Langrehr* turned on the existence of a specific fact—whether the volume of plaintiff's out-of-state purchases exceeded $50,000. In the present case we are ruling only on the legal consequences of plaintiffs' petition, the allegations of which we accept as true for present purposes.

In summary we hold that the plaintiffs' petition states an arguably unfair labor practice. We find further that plaintiffs have failed to establish they come within any of the exceptions to the rule that such controversies must be submitted first to the National Labor Relations Board. We there-

fore affirm the trial court's order sustaining the motion to dismiss plaintiffs' petition.

AFFIRMED.